### UNITED STATES v. TSURUKICHI NAKAO.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914.)

#### No. 2318.

ALIENS (§ 46*)—IMMIGRATION—RE-ENTRY OF DOMICILED ALIEN.

The provisions of Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 499), respecting the admission and deportation of an alien, apply to an alien who, having remained in this country for more than three years after first entry, and having gone abroad, although for a temporary purpose, with the intention of returning, again seeks admittance to the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 105; Dec. Dig. § 46.*]

Appeal from the District Court of the United States for the Territory of Hawaii; Sanford B. Dole, Judge.

In the matter of the application of Tsurukichi Nakao for writ of habeas corpus. From an order granting the writ, the United States appeals. Reversed.

The appellee, a subject of the Emperor of Japan, came to the Hawaiian Islands in November, 1892, and remained there until November, 1908, when he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

217 F.—4

returned to Japan, not intending to abandon or surrender his right to come again to Hawaii as a domiciled alien. He returned to Honolulu on May 23, 1913. The medical officers of the United States Public Health and Marine Hospital Service found that he was afflicted with trachoma. He was thereupon denied the right to land in the territory of Hawaii. The Board of Special Inquiry found that he was not a domiciled alien. He took an appeal from that decision to the Secretary of Labor. On the appeal the decision was affirmed. On a petition alleging that the Board of Special Inquiry committed an error of law, by reason of the fact that the evidence adduced before the Board affirmatively showed that the appellee was a domiciled alien, within the meaning of the laws of the United States, the court below issued a writ of habeas corpus, and upon the hearing on the return thereto ordered that the appellee be discharged from custody.

John W. Preston, U. S. Atty., and Earl H. Pier, Sp. Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The judgment of the court below must be reversed, on the authority of Lapina v. Williams, Commissioner of Immigration, 232 U. S. 78, 34 Sup. Ct. 196, 58 L. Ed. 515, holding that the provisions of the Immigration Act of 1907 respecting admission and deportation apply to an alien who, having remained in this country for more than three years after first entry, and having gone abroad for a temporary purpose, with the intention of returning again, seeks admittance to the United States.

The judgment is reversed, and the cause is remanded to the court below, with instruction to remand the appellee to the custody of the officers from whom he was taken.